## In re ASSOCIATED OWNERS, Inc.

### No. 28046.

District Court, E. D. Wisconsin.

April 24, 1940.

Beck, Smith & Heft, of Racine, Wis., for indenture trustee.

Bloodgood, Kemper & Passmore, of Milwaukee, Wis., for debtor.

Hand & Quinn, of Racine, Wis., for trustee.

Edmund Burke, Jr., of Washington, D. C., and W. McNeil Kennedy, Ben S. Warren, Jr., and Edward J. Lawler, Jr., all of Chicago, Ill., for United States Securities and Exchange Commission.

DUFFY, District Judge.

The total value of debtor's property is $168,600. This includes personal property valued at $7,126. There are outstanding first mortgage bonds of the par value of $155,000. Together with interest, there would be due upon these first mortgage bonds a sum in excess of $190,000.

A plan was approved by this court on January 18, 1940, which gives complete ownership in the reorganized company to the first mortgage bondholders. It provides that there be issued to the holders of the first mortgage bonds, new bonds to the aggregate amount of 90% of the principal amount of the old bonds, also all of the capital stock of the new company, together with a cash contribution that was estimated would be approximately $10,000. The bondholders were to have the right to select the trustee under the new indenture of trust.

This plan was approved by the court after the debtor had submitted a plan and the court trustee had likewise submitted a

plan. It was approved after a full hearing and after much discussion.

Thereafter this court, upon request therefor, held up the submission of the plan to the security holders, and conferences were held between the attorneys for the debtor and the attorneys for the indenture trustee as well as attorneys representing others interested, except that the second mortgage bondholders apparently had no representation. As the result of these conferences, the indenture trustee now submits a new plan, in spite of the fact that it was the indenture trustee's plan that was approved by this court on January 18, 1940. All parties who were represented by attorneys have agreed and now recommend the plan last submitted. However, the Securities and Exchange Commission vigorously assails the plan last submitted as being unfair and inequitable.

The stockholders received nothing under the plan which has been heretofore approved by this court. They have no equity whatsoever in the property. The new plan, however, provides that in return for their surrender for cancellation of $15,000 of the first mortgage bonds, as well as the chattel mortgage note on the furniture, they are to receive all the common stock in the new company, consisting of 150 shares, each of which is to be of $100 par value. The second mortgage bondholders and the unsecured creditors are to be eliminated. First mortgage bondholders are to receive 4% first mortgage bonds of the same principal amount as their old bonds. They will likewise receive a cash payment totaling $12,400 in lieu of their accrued interest. The indenture trustee is to continue as such under the new indenture and in addition is to be employed as the management agent and is to receive a fee of 6% of the gross rent.

Inasmuch as various conflicting interests had agreed on the last submitted plan, the court at first was of the opinion that if possible it should approve that plan. However, under the rule laid down by the Supreme Court in Case v. Los Angeles Lumber Products Co., Ltd., 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. ——, in order for the stockholders to share in the new plan, they must not only make an adequate contribution, but it must be shown that there was need for such contribution. It seems quite certain that the only persons who benefit by the proposed contribution in the latest plan would be the stockholders themselves. Also, David G. Janes Company as indenture trustee under the last submitted plan might well have conflicting interests with David G. Janes Company as manager or managing agent of the property.

Therefore, the last submitted plan will not be approved. The plan heretofore approved by this court on January 18, 1940, will be submitted to the security holders.